FRED WELLS et al., Respondents, v. EMMA V. ST. LOUIS, Appellant.— Appeal from a judgment of the Supreme Court, Clinton County. The issue between the parties is the location of a line separating their adjacent lots on the east side of South Catherine Street in Plattsburgh. The court has located the line and given judgment for the plaintiffs on the basis of the location as found by the court. The main attack on the judgment is based on appellant's claim that the decision is based on a map, improperly admitted because it was hearsay, and that without the map the "Court could not have decided in favor of the plaintiff". The map, which in turn is based on another map, was received by the court for the limited purpose of being treated as some evidence of the west line of both parcels. The west line was on the street side of the parcels and there seems to be no dispute as to its location as such. There is proof in the record that as to this line, at least, the map was prepared from monuments and actual measurements and upon the basis of this testimony the court could have considered the map to be some evidence of the west line. There was additional proof which the court could have considered and credited of the location of the northwest corner of the plaintiffs' lot, which could be found to be identical with the southwest corner of an adjoining lot to the north also owned by plaintiffs which by projected measurement would have aided the location of the line in dispute. There also was proof of the location of the southwest corner of plaintiffs' lot which, from pins in the ground and from the other material in the record as foundation of the engineer's testimony, the court could have credited as proof of the westerly end of the disputed line. Thus, it seems to us that appellant has not demonstrated that the decision complained of rested solely on a map not properly supported. Appellant makes one other point: that "the competent evidence sustained defendant". This would be important only if, as appellant argues, there were no competent evidence to sustain plaintiffs. If there is competent evidence both ways, and the court accepts the version of one side of the litigation, no ground for appellate interference is demonstrated unless the verdict is against the weight of evidence, a point which is not made by the appellant on this appeal. We

add that had this point been raised we would regard the decision justified by the weight of the evidence. Judgment unanimously affirmed, with costs to respondents. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See 283 App. Div. 748.]