THIRD DEPARTMENT, FEBRUARY, 1954.

(February 3, 1954.)

∎

In the Matter of WILLIAM M. ANDERSON, Individually and as a Member of the Board of Education of Union Free School District No. 1 of the Towns of Oyster Bay and North Hempstead, Nassau County, Appellant, against JAMES E. ALLEN, JR., as Acting Commissioner of Education, Respondent.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs to the respondent Acting Commissioner of Education. Foster, P. J., Bergan, Halpern and Imrie, JJ., concur; Coon, J., taking no part. [See 282 App. Div. 993.]

∎

In the Matter of HAROLD FLORANCE, Appellant, against EDWARD J. DONOVAN et al., as Commissioners of Correction of the State of New York, Respondents.— Motion for leave to appeal to the Court of Appeals. We have no power to certify specific questions of law. Application granted and this court certifies that questions of law are involved which ought to be reviewed by the Court of Appeals. Present— Foster, P. J., Bergan, Halpern and Imrie, JJ.; Coon, J., taking no part. [See *ante*, p. 153.]

∎

FRED WELLS et al., Respondents, v. EMMA V. ST. LOUIS, Appellant.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Foster, P. J., Bergan, Halpern and Imrie, JJ., concur; Coon, J., taking no part. [See 282 App. Div. 1105.]

(February 9, 1954.)

∎

MERLE S. COUCH, Respondent, v. STUART T. COUCH, Appellant.— Appeal from an order of the Supreme Court entered in Schoharie County directing the defendant to pay $50 per week temporary alimony and a counsel fee of $400 in a divorce action. The issue of adultery is uncontested and except for determining the amount of permanent alimony the action is in reality a default divorce proceeding. We think the counsel fee is excessive. Upon the record before us the financial situation of the parties does not appear to justify the sum of $50 per week temporary alimony. However, frequently in such matters, affidavits alone are unsatisfactory in determining the true financial status and needs of the parties. The action should be placed upon the calendar and tried at the April term of Supreme Court in Schoharie County, or sooner, by consent, at another term within the district. Oral testimony relating to the question of permanent alimony should be presented. In the meantime, the order is modified by reducing the counsel fee to $200 and the temporary alimony to $25 per week, and as so modified, affirmed, without costs. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.